UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILAH-MONIQUE MCCRAY,<br>        Plaintiff,<br>    v.<br>RICHARD KELLY,<br>        Defendant. | Case No. 22-cv-03625-DMR<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 2 |

Self-represented Plaintiff Jamila-Monique McCray filed a complaint and application for leave to proceed *in forma pauperis* ("IFP") on June 21, 2022. [Docket Nos. 1-2.] The court considers Plaintiff's complaint and IFP application pursuant to 28 U.S.C. § 1915(a). A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). The court's grant of Plaintiff's application to proceed IFP, however, does not mean that she may continue to prosecute the complaint. A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the court's section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).[1]

---

[1] Plaintiff declined the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). [Docket No. 4.] Accordingly, this matter will be reassigned to a district judge for final disposition on a

1      The basis for Plaintiff's lawsuit is not clear.  In a form "Complaint for a Civil Case
2  Alleging that the Defendant Owes Plaintiff a Sum of Money (28 U.S.C. § 1332; Diversity of
3  Citizenship)," Plaintiff names Defendant Richard Kelly, a police officer with the Greenwood,
4  Indiana Police Department.  In the Amount in Controversy section of the complaint, Plaintiff
5  alleges that Kelly owes her "$75,000 plus legal fees for breach of self-executing contract.  Officer
6  has a duty to respond and has been given more than enough time but has unwillingly handled this
7  matter in honor."  Compl. at 4.  In her Prayer for Relief, Plaintiff says that she is seeking $75,000
8  for damages and suffering.  Compl. at 6.  She does not fill in any of the other sections of her form
9  complaint.

10     Plaintiff attaches additional exhibits to the complaint.  One refers to Kelly's violation of
11 the Fair Credit Reporting Act and the Fair Debt Collection Practices Act for failing to satisfy a
12 debt owed, but it does not explain what those debts are.  Others exhibits that are addressed to
13 Kelly, another Greenwood police officer, and the Indiana Attorney General refer to a law
14 enforcement action against Plaintiff.

15     The court liberally construes Plaintiff's filings as challenging an incident in which she was
16 arrested, her vehicle and purse were searched for drugs, and she was detained.  She had to post
17 bail, and several of her items went missing.  She demands $75,000 from Kelly for injuries she
18 sustained, including emotional distress.  As Kelly did not pay, she now seeks to enforce a "debt"
19 he owes her.  Plaintiff does not indicate where this incident took place, but given that Kelly is a
20 police officer in Greenwood, Indiana, and the other individuals referenced in Plaintiff's papers are
21 located in Indiana, the court infers that the events forming the basis for her complaint occurred in
22 Indiana.

23     Having considered Plaintiff's papers, the court issues this order to show cause why the
24 case should not be transferred because the case does not appear to be appropriately venued in the
25 Northern District of California.  Pursuant to 28 U.S.C. § 1391, a case may be filed in

> (1) a judicial district in which any defendant resides, if all defendants
> are residents of the State in which the district is located;

---

report and recommendation after the undersigned evaluates Plaintiff's response to this order.

>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The complaint does not describe any events taking place in the Northern District of California, nor does it allege that Kelly or any of the other individuals mentioned in Plaintiff's papers are residents of this judicial district. To the contrary, Kelly is a member of the Greenwood, Indiana Police Department. The other two individuals mentioned are also located in Indiana.[2]

Liberally construing the complaint's allegations, the court determines that the proper venue for this case is the Southern District of Indiana because that is where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Greenwood is a city in Johnson County, which is located within the Southern District of Indiana. When a plaintiff files his or her case in the wrong district, the court must either dismiss the case or transfer it to the District Court in the correct district. *See* 28 U.S.C. § 1406(a). Thus, unless Plaintiff can show legal authority for venue in this district, the court will recommend that her case be transferred to the Southern District of Indiana. Accordingly, Johnson is ordered to file a statement explaining why this case is appropriately venued in the Northern District of California and why the court should not recommend its transfer to the United States District Court for the Southern District of Indiana within thirty days—i.e., by **September 14, 2022**.

**IT IS SO ORDERED.**

Dated: August 15, 2022

_____
Donna M. Ryu
United States Magistrate Judge

---

[2] The court also questions whether it can exercise personal jurisdiction over Kelly. "A district court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has at least 'minimum contacts' with the forum and subjecting the defendant to an action in that forum would 'not offend traditional notions of fair play and substantial justice.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are no allegations that suggest that Kelly has any contact with California such that personal jurisdiction is proper here.